IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LONE MOUNTAIN RANCH, LLC,**
**MARY LLOYD ESTRIN,**
**and ROBERT ESTRIN,**

    **Plaintiffs,**

V.                                          Case No. 13cv00962  WJ/KBM

**SANTA FE GOLD CORPORATION and**
**ORTIZ MINES, INC.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT

    **THIS MATTER** comes before the Court upon Plaintiffs' Motion for Remand of Removed State Case and Brief in Support of Motion filed October 17, 2013 **(Doc. No. 6)**. Having considered the parties' briefs and the applicable law, the Court finds that Plaintiffs' motion is well-taken and, therefore, is GRANTED.

### Background

    Plaintiffs originally filed this suit in the First Judicial District Court, Santa Fe County, New Mexico. Plaintiffs brought this action pursuant to the New Mexico Declaratory Judgment Act, NMSA §§ 44-6-1-15, asking the state district court to declare Plaintiffs' rights under a split estate deed. Plaintiffs specifically requested that the court declare that the property deed does not preclude Plaintiffs from fully participating in public processes regarding a proposed mining operation on Lone Mountain Ranch and the surrounding properties in the Ortiz Mountains in Santa Fe County, New Mexico. On October 3, 2013 Defendant Ortiz Mines filed a Notice of

Removal. **(Doc. No. 1)**. According to the Civil Cover Sheet, Defendant Ortiz Mines removed this case on the basis of diversity jurisdiction, but it also asserted that this case involved a federal question. See id. Plaintiffs request that this case be remanded to state court. Plaintiffs advance three arguments in support of their request: 1) the case cannot be removed based upon diversity because Defendant Santa Fe Gold is a citizen of New Mexico; 2) this case does not meet the $75,000 amount in controversy requirement; and 3) this case does not present a federal question.

## Legal Standard

An action is removable if the district court of the United States would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). It is the burden of the removing party to establish the subject matter jurisdiction of this Court. Huffman v Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999). There is a presumption against removal jurisdiction. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Laughlin, 50 F.3d at 873. The Tenth Circuit has held that to support removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be 'disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

## Analysis

**I.     The Forum Defendant Rule Prevents this Matter from Being Removed**

Plaintiffs argue that this matter cannot be removed because removal would violate 28

U.S.C. § 1441(b)(2), known as the "Forum Defendant Rule."[1] The Forum Defendant Rule provides that where removal is based solely upon diversity, the case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b)(2). Both parties recognize that there is diversity jurisdiction in this matter; parties agree that Plaintiff Lone Mountain Ranch is a citizen of Delaware, Plaintiffs Mary and Robert Estrin are citizens of California, Defendant Ortiz Mines is a citizen of Missouri and Kansas, and Defendant Santa Fe Gold is a citizen of New Mexico. Defendant Ortiz Mines argues the Forum Defendant Rule does not defeat the otherwise proper diversity jurisdiction because Defendant Santa Fe Gold, the forum defendant, was not properly served prior to this case being removed. Plaintiffs contend that Santa Fe Gold was served prior to removal being effective. In the alternative, Plaintiffs argue that the presence of a properly joined but unserved forum defendant bars removal under the Forum Defendant Rule; Defendant disagrees with this reading of the Forum Defendant Rule.

The parties dispute two main issues: 1) the effective date of removal; and 2) the effective date of service on Defendant Santa Fe Gold. The Court need not resolve these disputes because, as set forth below, the Court determines that the Forum Defendant Rule bars the removal of this case even if Defendant Santa Fe Gold was not served prior to the removal. Therefore, even if both of the main disputes were resolved in the way most favorable to Defendant Ortiz Mines, the Forum Defendant rule would still bar removal.[2]

---

[1] Defendant mistakenly argues that Plaintiffs do not argue that Santa Fe Gold's status as a resident of New Mexico invalidates removal. This allegation is puzzling to the Court, because this argument is featured quite prominently in Plaintiffs' Motion. See **(Doc. No. 6)** (noting that "the action may not be removed if any of the parties in interest properly joined and served as defendants are a citizen of the state in which the action was brought, in this case New Mexico" and arguing that Santa Fe Gold is a citizen of New Mexico). Therefore, even to the extent that the "Forum Defendant Rule" is procedural rather than jurisdictional, Plaintiffs have clearly not waived by it, as evidenced by the present motion.

[2] The Court notes that it is pointing this out by way of resolving the disputes in the most efficient way; it is not stating that the correct standard for removal questions is to resolve all doubt in favor of a defendant seeking

The Court acknowledges that there is a split in authority on whether the Forum Defendant Rule prohibits a non-forum defendant from removing a case where there are unserved forum defendants.  Compare Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 647 (D.N.J. 2008) (holding that allowing defendants to remove a case before, but not after, a forum defendant was served would "eviscerate the purpose" of the Forum Defendant Rule and would be "demonstrably at odds with Congressional intent"); Swindell-Filiaggi v. CSX Corp., 922 F. Supp. 2d 514, 518 (E.D. Pa. 2013) (reaching a similar result) with Goodwin v. Reynolds, No. 2:12-cv-0033-SLB, 2012 WL 4732215, at *3 (D. Ala. Sept. 28, 2012) (holding that "the 'majority' of courts follow the plain language of 1441(b) and allow non-forum defendants to remove where a forum defendant remains unserved"); Gibson v. Wal-Mart Stores E., LP, No. 5:09-CV-228 (HL), 2010 WL 419393, at *4 n.2 (D. Ga. Jan 28, 2010) ("The statute is clear. The presence of unserved resident defendants does not defeat removal where complete diversity exists.") (internal quotation marks omitted)).  The Tenth Circuit has not resolved this issue.

The Court is persuaded by the cases holding that a non-forum defendant cannot remove a case where there are unserved forum defendants.  "The purpose of diversity jurisdiction is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts."  S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.Code Cong. & Admin. News 3099, 3102. "The forum defendant rule, 28 U.S.C. § 1441(b)(2), recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated."  Swindell-Filiaggi v. CSX Corp., 922 F. Supp. 2d 514, 518 (E.D. Pa. 2013) (citation omitted).  The Court finds that the reduction of bias

---

removal.  In fact, the case law points to the contrary.  See Fajen, 683 F.2d at 333 ("all doubts are to be resolved against removal").

4

generated by a forum defendant's participation in a case is present whether the forum defendant is served before or shortly after the matter is removed. The Court also notes that the purpose of the "properly joined and served" language in the rule was to prevent plaintiffs from adding a forum defendant solely to prevent removal, i.e. fraudulent joinder. Therefore, it would make no sense for Congress to enact the "properly joined and served" language in order to prevent gamesmanship on the part of a plaintiff only to have that language allow for a different type of gamesmanship by a defendant. See Sullivan, 575 F. Supp. 2d at 646 ("Moreover, given that the purpose of the 'properly joined and served' language is to prevent one form of gamesmanship—improper joinder—the court finds that allowing defendants to engage another type of gamesmanship—a hasty filing of a notice of removal—is demonstrably at odds with Congressional intent."). The Court does not believe that Congress intended the Forum Defendant Rule to reward those defendants who win the "race to remove" before plaintiff has a chance to serve properly joined forum defendants. See id. ("The literal application of § 1441(b) in this case would both produce bizarre results that Congress could not have intended, and results that are demonstrably at odds with the objectives Congress did intend to effect."). This is especially true here, where Plaintiffs moved forward with serving the forum defendant shortly after this matter was removed, therefore there is no indication that Plaintiffs joined Santa Fe Gold for the sole purpose of defeating diversity jurisdiction. A different result may be mandated in cases where it appears as though there was fraudulent joinder or where a plaintiff was dilatory in serving the forum defendant after a notice of removal is filed. However in this case, the Court does not find that the goals of the Forum Defendant Rule's "properly served" language would be promoted by an overly technical reading of the Rule. Thus, the Court finds that the Forum

Defendant Rule prohibits the removal of this case even if the forum defendant, Santa Fe Gold, was not served until after this matter was removed.

As previously stated, the Court's ruling that the Forum Defendant Rule bars the removal of this case even if Santa Fe Gold was served shortly after the effective date of removal moots a number of disputes raised in the briefing. Additionally, the Court need not address the issue of the amount in controversy, because even if that issue is resolved in Defendant's favor, the Forum Defendant Rule prohibits this case from being removed on the basis of diversity of citizenship. Accordingly, this matter cannot be removed on the basis of diversity jurisdiction.

## II.     There is no Federal Question Presented in this Case

Plaintiffs own a certain portion of land in Santa Fe County, New Mexico which shall hereafter be referred to as "the Ranch." Defendant Ortiz Mines has leased the mineral rights to the Ranch from their owner, Emily Potter.[3] In 1992, a group of companies who had previously leased mineral rights from Defendant Ortiz Mines began a joint venture entitled the "Ortiz Project" to explore, develop, extract, produce, and process minerals from the Ranch. In February 1992, members of the Ortiz Project initiated a lawsuit against Plaintiff Mary Lloyd Estrin ("Ms. Lloyd") as an owner of the Ranch and filed a Complaint in the United States District Court for the District of New Mexico for specific performance, breach of contract, breach of implied covenant of good faith and fair dealing, abuse of process, nuisance, unjust enrichment, and slander of title (*hereinafter* referred as the "1992 lawsuit"). The 1992 lawsuit arose of Ms. Lloyd's alleged interference with the Ortiz Project's mining operations. Ms. Lloyd's alleged interference consisted of: "attempt[ing] to have the Ranch property zoned for a residential

---

[3] Ms. Potter was originally named as Defendant in this lawsuit. However, Defendant Ortiz Mines represented to Plaintiffs that Ms. Potter is currently deceased and Plaintiffs have dropped the claims against Ms. Potter in the instant case. Whatever the current status of Ms. Potter's estate, it appears that Defendant Ortiz Mines maintains some mineral rights to the Ranch.

subdivision to prevent mining, creat[ing] a conservation easement on the Ranch, work[ing] to prevent [Ortiz Project members] from obtaining a Santa Fe County permit required for mining, encourage[ing] the adoption of Santa Fe County ordinances which would have interfered with [Ortiz Project members'] mining activities, work[ing] to prevent [Ortiz Project members] from obtaining a ground water discharge permit, prevent[ing][Ortiz Project members] from obtaining sufficient water rights to conduct mining, and fil[ing] a protest to a dewatering application filed with the New Mexico State Engineer."  See **(Doc. No. 1-1)**, ¶ 20.  Although Ms. Lloyd contended that her alleged interference consisted of lawful activity, the parties ultimately settled the matter prior to the Court's resolution of the claims.  Plaintiffs allege that the 1992 lawsuit has chilled Plaintiffs' speech regarding mining operations at the Ranch.  Plaintiffs allege that after the 1992 lawsuit, an employee of Defendant Ortiz Mines discouraged Plaintiffs from assisting in the nomination of a certain portion of the Ranch as cultural property.

Concerning the instant case, Plaintiffs allege a new mining operation is beginning at the Ranch.  Defendant Santa Fe Gold has now leased certain mineral rights from Defendant Ortiz Mines.  Plaintiffs note that the mining operation will require approval of several public bodies, approval which will involve opportunities for public comment.  Plaintiffs acknowledge that as the surface owners of the Ranch, they may not unreasonably interfere with the mineral owner's right to develop the mineral estate.  However, Plaintiffs believe that they have a right as the surface owners to participate in the public government proceedings regarding permitting for the proposed mining operation, and they fear if they exercise those rights that Defendants may bring another lawsuit alleging unlawful interference with the mining operations.  Plaintiffs seek a declaration of their rights to participate in public hearings, to speak with any member of the public regarding the potential mining operations at the Ranch, and to financially assist or support

any person or entity involved in the permitting process for the proposed mine.  Plaintiffs' prayer for relief also requests that the Court declare their rights under the First Amendment to both the federal and state constitutions to participate in public processes involving Defendants' proposed mining operation.  According to Defendant Ortiz Mines, this mention of First Amendment rights provides a basis for this Court's jurisdiction over the lawsuit, because it raises a federal question.

The Tenth Circuit has held that to support removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be 'disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'"  Fajen, 683 F.2d at 333 (citation omitted).  To determine whether the claim arises under federal law, the Court examines the "well pleaded" allegations of the complaint and ignores potential defenses.   Id.  "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States."   Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1202 (10th Cir. 2012) (citation omitted); see also Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir.1996) ("Under the "'well-pleaded complaint' rule, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based' on federal law.") (citation omitted).

"The dynamics of the 'well-pleaded complaint' rule change in the context of a declaratory-judgment action like this one, where the position of the parties is reversed and the plaintiff[s] assert[]  a defense to an anticipated action by the declaratory judgment defendant[s]."  Devon Energy Prod. Co., L.P., 693 F.3d at 1202-03.  In the context of a declaratory-judgment

action, "[i]t is the character of the impending action, not the plaintiff's defense, that determines whether there is federal question jurisdiction." Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 248 (1952). "Thus, federal question jurisdiction exists in a declaratory judgment action [only] if the potential suit by the declaratory judgment defendant would arise under federal law." Cardtoons, L.C. v. Major League Baseball Players Ass'n, 95 F.3d 959, 964 (10th Cir. 1996).

Here, the Court considers the cause of action that would lie if Defendants had brought a coercive action against Plaintiffs. The Court was conveniently provided with a template of the anticipated ligation, the 1992 lawsuit. The 1992 lawsuit involved exclusively state law claims based upon contract and state-created torts. The same goes for the coercive lawsuit that Defendants in this instance could potentially bring. If Defendants brought a lawsuit alleging that Plaintiffs unreasonably interfered with Defendants mineral rights by speaking out against the mining operation and petitioning the public bodies to disapprove Defendants' mining permits, "[Plaintiffs'] First Amendment [rights] arise[] only as a potential *defense* to [Defendants'] claimed right[s]." Cardtoons, L.C., 95 F.3d at 965 (emphasis in the original). Defendants themselves cannot raise First Amendment issues regarding their potential mining operation. "Thus, the Court cannot ground its jurisdiction on this basis because 'the First Amendment as a defense does not constitute a basis for federal jurisdiction, for it is fundamental that anticipation of a defense cannot confer jurisdiction.'" Id. (quoting Monks v. Hetherington, 573 F.2d 1164, 1166 (10th Cir.1978)). Defendant Ortiz Mines does not point to any other federal question presented by this matter. Accordingly, this matter cannot be removed on the basis of a federal question.

## Conclusion

Neither of Defendant Ortiz Mines' alternative bases for federal jurisdiction is sufficient to

9

confer subject matter jurisdiction to this Court. The first basis, diversity jurisdiction, is defeated by the Forum Defendant Rule, because Defendant Santa Fe Gold is a citizen of New Mexico. The Forum Defendant Rule applies even if Defendant Santa Fe Gold was not served prior to the effective date of the Notice of Removal, because any other result would yield a consequence contrary to Congress' goal in enacting the Forum Defendant Rule. The second claimed basis for federal jurisdiction, federal question, is likewise insufficient, because while Plaintiffs' Complaint does contain reference to their First Amendment rights, in a declaratory-judgment action, the Court considers the anticipated litigation rather than the Plaintiffs' Complaint. Defendants' potential lawsuit would not involve the resolution of a federal question. Accordingly, this Court is without subject jurisdiction over this matter. Therefore, this case is remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

**THEREFORE, IT IS ORDERED**, that Plaintiffs' Motion for Remand of Removed State Case and Brief in Support of Motion **(Doc. No. 6)** is **GRANTED** and this case shall be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE